1  LAWRENCE BREWSTER, Regional Solicitor
   DAVID M. KAHN, Counsel for Employment Standards
2  LAURA C. BREMER, Trial Attorney (CA Bar # 162900)
   United States Department of Labor
3  Office of the Solicitor
   90 7th Street, Suite 3-700
4  San Francisco, California 94103
   Telephone: (415) 625-7757
5  Facsimile: (415) 625-7772
   email: bremer.laura@dol.gov
6
   Attorneys for Hilda Solis, Secretary of Labor,
7  United States Department of Labor

8
              UNITED STATES DISTRICT COURT FOR THE
9
                      DISTRICT OF ARIZONA
10

11  HILDA SOLIS, Secretary of Labor,      )  Case No.:
    United States Department of Labor,    )
12                                         )
                                           )  COMPLAINT FOR VIOLATIONS OF
13            Plaintiff,                   )  THE FAIR LABOR STANDARDS
                                           )  ACT
14       vs.                               )
                                           )
15  CHINA SUPER BUFFET PHOENIX             )
    ENTERPRISES, INC., an Arizona          )
16  corporation; LXC CHINA BUFFET          )
    INC., an Arizona corporation; ZHEN LI  )
17  GUO, an individual; LI XIAO CHEN,      )
    an individual,                         )
18                                         )
             Defendants.                   )
19                                         )
    _____)
20

21        Plaintiff, **HILDA SOLIS**, Secretary of Labor, United States Department of

22  Labor, brings this action to enjoin defendants **CHINA SUPER BUFFET**

23  **PHOENIX ENTERPRISES, INC., d/b/a CHINA SUPER BUFFET, a**

24  **corporation, LXC CHINA BUFFET INC., d/b/a/ CHINA SUPER BUFFET, a**

25  **corporation, ZHEN LI GUO, an individual,** and **LI XIAO CHEN, an**

*Complaint for Violations of the FLSA*              1

1 **individual,** from violating the provisions of the Fair Labor Standards Act of 1938,

2 as Amended, 29 U.S.C. § 201, et seq., hereinafter called the Act, pursuant to

3 section 17 of the Act, 29 U.S.C. § 217; and to recover unpaid minimum wage and

4 overtime compensation owing to defendants' employees, together with an equal

5 amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C.

6 § 216(c).

7 **I**

8 Jurisdiction of this action is conferred upon the court by sections 16(c) and

9 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

10 **II**

11 Venue lies in the District of Arizona pursuant to 28 U.S.C. § 1391(b) as a

12 substantial part of the events giving rise to the claim occurred in Phoenix, Arizona.

13 **III**

14 (a)   Defendant, **CHINA SUPER BUFFET PHOENIX ENTERPRISES,**

15 **INC.** is and at all times hereinafter mentioned was a corporation with an office and

16 a place of business at 8801 North 7th Street, Phoenix, Arizona 85020, within the

17 jurisdiction of this court, and is and at all times hereinafter mentioned was engaged

18 under the name and style of China Super Buffet in the operation of a Chinese food

19 buffet restaurant.

20 (b)   Defendant, **LXC CHINA BUFFET INC.** is and since November 2,

21 2009, was a corporation with an office and a place of business at 8801 North 7th

22 Street, Phoenix, Arizona 85020, within the jurisdiction of this court, and is and

23 since November 2, 2009, was engaged under the name and style of China Super

24 Buffet in the operation of a Chinese food buffet restaurant.

25

1    (c)    Defendant, **ZHEN LI GUO**, an individual, resides in Phoenix,

2    Arizona, within the jurisdiction of this court, and at all times hereinafter mentioned

3    was the President/Director of Defendant China Super Buffet Phoenix Enterprise

4    Inc. and acted directly or indirectly in the interest of the corporate defendants in

5    relation to their employees.  Defendant **ZHEN LI GUO**, at all times relevant to

6    this Complaint, has also been the spouse of Defendant Li Xiao Chen.  Defendant

7    **ZHEN LI GUO** is also named as a defendant pursuant to Ariz. Rev. Stat. § 25-215

8    to assure that complete relief can be granted.  The Secretary alleges, on

9    information and belief, that all actions by Defendant Li Xiao Chen alleged herein

10   were undertaken while married to Defendant Zhen Li Guo, that her actions

11   benefited the marital community and that both individual defendants hold their

12   assets as community property.

13   (d)    Defendant, **LI XIAO CHEN**, an individual resides in Phoenix,

14   Arizona, within the jurisdiction of this court, and at all times hereinafter mentioned

15   acted directly or indirectly in the interest of the corporate defendants in relation to

16   their employees and since November 2, 2009, has been the President of LXC

17   China Buffet Inc.  Defendant **LI XIAO CHEN**, at all times relevant to this

18   Complaint, has also been the spouse of Defendant Zhen Li Guo.  Defendant **LI**

19   **XIAO CHEN** is also named as a defendant pursuant to Ariz. Rev. Stat. § 25-215

20   to assure that complete relief can be granted.  The Secretary alleges, on

21   information and belief, that all actions by Defendant Zhen Li Guo alleged herein

22   were undertaken while married to Defendant Li Xiao Chen, that his actions

23   benefited the marital community and that both individual defendants hold their

24   assets as community property.

25

1

**IV**

2      Defendants **CHINA SUPER BUFFET PHOENIX ENTERPRISES, INC.**

3 and **LXC CHINA BUFFET INC. ("CHINA SUPER BUFFET")** are and at all

4 times hereinafter mentioned were engaged in related activities performed through

5 unified operation or common control for a common business purpose, and are and

6 at all times hereinafter mentioned were an enterprise within the meaning of section

7 3(r) of the Act.

8

**V**

9      Defendant **CHINA SUPER BUFFET** at all times hereinafter mentioned

10 was an enterprise engaged in commerce or in the production of goods for

11 commerce within the meaning of section 3(s)(1)(A) the Act in that said enterprise

12 at all times hereinafter mentioned had employees engaged in commerce or in the

13 production of goods for commerce, or employees handling, selling, or otherwise

14 working on goods or materials that have been moved in or produced for commerce

15 by any person and in that said enterprise has and has had an annual gross volume

16 of sales made or business done of not less than $500,000.

17

**VI**

18      Defendants **CHINA SUPER BUFFET, ZHEN LI GUO,** and **LI XIAO**

19 **CHEN** have repeatedly violated the provisions of sections 7 and 15(a)(2) of the

20 Act, by employing many of their employees who in workweeks were engaged in

21 commerce or in the production of goods for commerce, or who were employed in

22 an enterprise engaged in commerce or in the production of goods for commerce,

23 within the meaning of the Act, as aforesaid, for workweeks longer than forty hours

24 without compensating said employees for their employment in excess of forty

25

*Complaint for Violations of the FLSA*              4

1    hours per week during such workweeks at rates not less than one and one-half

2    times the regular rate at which they were employed.

3                                 **VII**

4        Defendants **CHINA SUPER BUFFET, ZHEN LI GUO,** and **LI XIAO**

5    **CHEN,** employers subject to the provisions of the Act, have repeatedly violated

6    the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and

7    215(a)(2), by paying many of their employees wages at rates less than the effective

8    minimum wage in workweeks when said employees were engaged in commerce

9    and in the production of goods for commerce or were employed in an enterprise

10    engaged in commerce or in the production of goods for commerce, within the

11    meaning of the Act.

12                                **VIII**

13        Defendants **CHINA SUPER BUFFET, ZHEN LI GUO,** and **LI XIAO**

14    **CHEN,** employers subject to the provisions of the Act, have repeatedly violated

15    the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and

16    215(a)(5), in that they failed to make, keep, and preserve adequate and accurate

17    records of employees and the wages, hours and other conditions and practices of

18    employment maintained by them as prescribed by regulations duly issued pursuant

19    to authority granted in the Act and found in 29 CFR Part 516, in that records fail to

20    show adequately and accurately with respect to all employees, among other things,

21    employees' names and other employee information, the hours worked each

22    workday and workweek, the regular hourly pay rate for any week when overtime is

23    worked, the total premium for overtime, and the total daily or weekly wages due,

24    total wages paid, and the date of the payment and pay period covered.

25

**IX**

During the period since December 3, 2007, Defendants **CHINA SUPER BUFFET, ZHEN LI GUO,** and **LI XIAO CHEN** have repeatedly and willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

**WHEREFORE,** cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a)    For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants **CHINA SUPER BUFFET PHOENIX ENTERPRISES, INC., LXC CHINA BUFFET INC., ZHEN LI GUO,** and **LI XIAO CHEN,** their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)    For an Order:

(1)    pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

*Complaint for Violations of the FLSA*                6

1            (2)    pursuant to section 17 of the Act, enjoining and restraining

2    defendants, their officers, agents, servants, employees and those persons in active

3    concert or participation with defendants, from withholding payment of unpaid back

4    wages found to be due defendants' employees and pre-judgment interest computed

5    at the underpayment rate established by the Secretary of Treasury pursuant to 26

6    U.S.C. § 6621;

7            (c)    For an Order awarding plaintiff the costs of this action; and

8            (d)    For an Order granting such other and further relief as may be

9    necessary or appropriate.

10

11   Dated:  January 3, 2011

12                               M. PATRICIA SMITH
                                 Solicitor of Labor
13

14                               LAWRENCE BREWSTER
                                 Regional Solicitor
15

16                               DAVID M. KAHN
                                 Counsel for Employment Standards
17

18

19

20                               By:  /s/  Laura C. Bremer
                                       LAURA C. BREMER
21                               Trial Attorney

22                               UNITED STATES
                                 DEPARTMENT OF LABOR
23                               Attorneys for the Plaintiff

24

25

*Complaint for Violations of the FLSA*                      7

1

**EXHIBIT A**

2

3    Noemi Chavez

4    Song Hui Chen

5    Alex Cruz

6    Yesnia Guerrero

7    Zhen Shan Guo

8    Gui Liang Xin

9    Ulda Perez

10   Raymundo Rene

11   Guadalupe Rodriguez

12   Shao Rong Sheng

13   Saul Vasquez

14   Ling Wang

15   Bing Yang

16

17

18

19

20

21

22

23

24

25

*Complaint for Violations of the FLSA*                 8