IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HILDA SOLIS, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>CHINA SUPER BUFFET PHOENIX ENTERPRISES, INC., an Arizona corporation; LXC CHINA BUFFET INC., an Arizona corporation; ZHEN LI GUO, an individual; LI XIAO CHEN, an individual,<br><br>　　　　　Defendants. | Case No.: CV 11-00003-PHX-MEA<br><br>CONSENT DECREE |

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary") filed a complaint against defendants CHINA SUPER BUFFET PHOENIX ENTERPRISES, INC., d/b/a CHINA SUPER BUFFET, a corporation, LXC CHINA BUFFET INC., d/b/a/ CHINA SUPER BUFFET, a corporation, ZHEN LI GUO, an individual, and LI XIAO CHEN, an individual, (collectively, "Defendants") alleging violations of the provisions of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201, et seq. (the "Act"). THE PARTIES by and through their attorneys of record waive the entry of any findings of fact and conclusions of law; consent to jurisdiction and venue of this Court; agree to the entry of this Consent Decree in settlement of this case without contest.

Having reviewed the Consent Findings, signed by the Parties and filed herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The previously described Consent Findings are incorporated herein and are hereby approved and made part of this Consent Decree.

2. The Defendants their officers, agents, servants, and employees and those persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

    a. The Defendants shall not, contrary to Section 7 of the FLSA, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed;

    b. The Defendants shall not, contrary to Section 6 of the FLSA, 29 U.S.C. § 206, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), at rates less than the effective minimum wage;

    c. The Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and found in 29 C.F.R. Part 516;

    d. The Defendants jointly and severally, shall not continue to withhold the payment of the amount of $418,937.18 in unpaid wages and overtime pay hereby found to be due under the FLSA to Defendants' employees for the period that began on December 9, 2007, and that ended on January 3, 2010, as a result of their employment by the Defendants, as they are listed by name in Exhibit A attached to the Consent Findings and incorporated hereto by reference.

  3. The Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money or other thing of value in the form of cash, check, or any other form, for wages previously due or to become due in the future to the employee under the provisions of the Consent Findings, this Consent Decree or the FLSA; nor shall the Defendants accept, or receive from any employee, directly or indirectly, any money or other thing of value in the form of cash, check, or any other form, for wages heretofore or hereafter paid to the employee under the provisions of the Consent Findings, this Consent Decree or the FLSA; nor shall the Defendants discharge or in any other manner discriminate, or solicit or encourage anyone else to discriminate, against any employee because such employee has received and/or retained money paid to him or her from any Defendant under the provisions of the Consent Findings, this Consent Decree or the FLSA.

  4. Further, the filing, pursuit, and/or resolution of this proceeding with the filing of the Consent Findings and this Consent Decree shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

5. Defendants shall pay to the Plaintiff within thirty days of the entry of this Consent Decree, the sum of $418,937.18, which represents the amount of back wages due under the Act, less deductions for employees' share of social security and withholding taxes for those employees listed in Exhibit A hereof.

6. The provisions of paragraphs 2(d) and 5 of this Consent Decree will be deemed satisfied by Defendants delivering to Plaintiff's representative the following within thirty days of entry of this Consent Decree:

    a. A schedule in duplicate showing the name, last known address, social security number, gross amount of wages due, amounts deducted from gross wages for each employee's share of social security and withholding taxes, and the net amount of such payment for each employee named in Exhibit A.

    b. Payment shall be in the form of a certified or cashiers check made payable to the order of the "Wage and Hour Div., Labor" and equal to the total net amount due each such employee after deducting the amount of legal deductions as listed on the schedule referred to in subparagraph (a) above from the gross amount of wages as listed opposite each employee's name in Exhibit A attached.

    c. The payment shall be made by mailing such check by certified mail with the schedule hereinbefore described to the United States Department of Labor, Wage and Hour Division, Phoenix District Office, Federal Building & Courthouse, 230 N. First Street, Suite 402, Phoenix, Arizona 85025.

7. The amounts so paid shall be used by the Secretary to satisfy the obligations imposed under the provisions of Section 16(c) of the FLSA, 29 U.S.C. § 216(c), and shall be distributed to the employees named and in the amount set forth in Exhibit A to this Consent Decree (or to their heirs or estates). Any monies not distributed by the Wage and Hour Division because of a failure to locate an employee or because of an employee's refusal to accept said

distribution shall be deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

8. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

DATED this 11th day of July, 2012.

*Bridget S. Bade*
Bridget S. Bade
United States Magistrate Judge

**EXHIBIT A**

| Employee | Back wages |
|---|---|
| Noemi Chavez | $32,647.84 |
| Song Hui Chen | $11,058.48 |
| Alex Cruz | $32,479.40 |
| Yesnia Guerrero | $ 3,668.50 |
| Gui Liang Xin | $67,583.72 |
| Ulda Perez | $55,566.88 |
| Raymundo Rene | $19,787.60 |
| Guadalupe Rodriguez | $53,588.14 |
| Shao Rong Sheng | $46,448.64 |
| Saul Vasquez | $42,648.64 |
| Ling Wang | $21,290.64 |
| Bing Yang | $32,168.70 |
| **Total** | $418,937.18 |